UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TCYK, LLC,

    Plaintiff,

vs.                                                      Case No.: 8:14-cv-00087-T-27TBM

BERTRAND MARTIN, a/k/a DOE 27,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's Motion for Entry of Final Default Judgment and Permanent Injunction Against Defendant Bertrand Martin (Dkt. 17). The Clerk previously entered a default pursuant to Federal Rule of Civil Procedure Rule 55(a). (Dkt. 16). Upon consideration, the motion (Dkt. 17) is **GRANTED** *in part*.

### STANDARD

Upon entry of a default, the defendant admits the plaintiff's well-pleaded allegations of fact. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] The default, however, does not in itself warrant a default judgment. *Id.* "[T]he well-pleaded allegations in the complaint [must] actually state a substantive cause of action" and there must be "a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. Appx. 860, 863 (11th Cir. 2007). Under Federal Rule of Civil Procedure 55(b), an evidentiary hearing may be held to determine appropriate damages, but it is not required, particularly

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

1

where, as here, all of the required evidence is of record. *See Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 Fed. Appx. 908, 911-12 (11th Cir. 2011) (citing *SEC v. Smyth*, 420 F.3d 1225, 1230 n.13 (11th Cir. 2005)).

## DISCUSSION

A review of the Amended Complaint (Dkt. 11) and the Motion for Entry of Final Default Judgment (Dkt. 17) reveals there exists a "substantive, sufficient basis" for the relief sought by Plaintiff. *Tyco Fire*, 218 Fed. Appx. at 863. Plaintiff holds the copyright registration on the motion picture "The Company You Keep" and contends Defendant unlawfully copied and distributed the "The Company You Keep" by means of BitTorrent, an internet-based peer-to-peer file transfer protocol. (Dkt. 11 ¶¶ 6-18, 23, 26). Because the Clerk has entered default against Defendant, Martin is deemed to have admitted to TCYK's well-pled allegations of fact, which establish a prima facie case of copyright infringement and contributory copyright infringement. (*Id.*) *See Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1233 (11th Cir. 2010) (setting out elements of infringement). Accordingly, TCYK has established Defendant's liability for copyright infringement and contributory copyright infringement. Still, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects the basis for the award).

### *Statutory Damages*

Plaintiff seeks statutory damages pursuant to the Copyright Act, 17 U.S.C. § 502 *et seq.* "In its broad discretion for determining statutory damages, the district court should consider both the

willfulness of the defendant's conduct and the deterrent value of the sanction imposed." *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 852 (11th Cir. 1990). "The Court possesses wide latitude in determining the amount of statutory damages from within the given statutory range." *UMG Recordings, Inc. v. Roque*, No. 08-21259 CIV, 2008 WL 2844022, at *2 (S.D. Fla. July 23, 2008). "'Statutory damages are not intended to provide a plaintiff with a windfall recovery;' they should bear some relationship to the actual damages suffered." *Bait Prods. PTY Ltd. v. Aguilar*, No. 8:13-CV-161-T-31DAB, 2013 WL 5653357, at *6 (M.D. Fla. Oct. 15, 2013) (quoting *Clever Covers, Inc. v. Sw. Fla. Storm Def., LLC*, 554 F. Supp. 2d 1303, 1313 (M.D. Fla. 2008)) (further quotation omitted).

Statutory damages are available for $750 to $30,000 for "all infringements involved in the action . . . as the court considers just." 17 U.S.C. § 504(c)(1). Where the copyright owner proves willful infringement, the court has discretion to increase damages up to $150,000. 17 U.S.C. § 504(c)(2). As a result of Defendant's default, it may be inferred that Defendant willfully infringed Plaintiff's copyright. *Aguilar*, 2013 WL 5653357, at *6; *Arista Records, Inc. v. Beker Enters., Inc.*, 298 F. Supp. 2d 1310, 1313 (S.D. Fla. 2003).

Plaintiff seeks statutory damages of $150,000, the maximum that can be imposed based on willful infringement. There is ample authority, however, to reduce statutory damages far below the maximum allowed in similar cases. *See J & J Sports Prods., Inc. v. Arboleda*, No. 6:09-cv-467-ORL-18DAB, 2009 WL 3490859, at *7 (M.D. Fla. Oct. 27, 2009) (reducing statutory damages to $2000 instead of $50,000 requested); *Microsoft Corp. v. Raven Tech., Inc.*, No. 6:05-cv-1346-ORL-28DAB, 2007 WL 809682, at *4 (M.D. Fla. Mar. 15, 2007) (reducing requested statutory damages from $100,000 per trademark to $750); *Nintendo of Am., Inc. v. Ketchum*, 830 F. Supp. 1443, 1445

(M.D. Fla. 1993). Indeed, "[t]he vast majority of other courts assessing statutory damages in similar cases in which the defendants have downloaded copyrighted material via bit torrent have assessed damages of approximately $6,000 based on an inference of willfulness," particularly, where as here, Plaintiff has failed to demonstrate evidence of its own lost license fees, profits, or actual damages. *Aguilar*, 2013 WL 5653357, at *6 (collecting cases). *See Thompsons Film, LLC v. Velez*, No. 6:13-CV-671-ORL-36TB, 2014 WL 3721288, at *6 (M.D. Fla. July 28, 2014) (awarding $6000 in BitTorrent copyright infringement case); *Bait Productions PTY Ltd. v. Wallis*, No. 8:13-cv-165-T-31-DAB, 2013 WL 5653359, at *6 (M.D. Fla. Oct. 15, 2013) (same); *Universal City Studios Production, LLP v. Howell*, No. 3:06-cv-395-J-33TEM, 2007 WL 853471 (M.D. Fla. Mar. 16, 2007) ($6000 in statutory damages for internet-based copyright infringement of movie). Therefore, statutory damages of $6000 will be imposed.

### *Injunctive Relief*

A permanent injunction may be granted to prevent copyright infringement if the Plaintiff shows "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). Here, Plaintiff has made the proper showing of an irreparable injury that cannot be compensated at law (Dkt. 11 ¶¶ 31-38), and there is no evidence of hardship to Defendant or harm to the public interest if the injunction is granted. *See Wallis*, 2013 WL 5653359, at *5. A permanent injunction will be entered enjoining Defendant from infringing Plaintiff's copyright in the "The Company You Keep."

### *Attorneys' Fees and Costs*

Finally, Plaintiff requests attorneys' fees of $1382.50 and costs of $497. Prevailing parties may be awarded a "reasonable attorney's fee" in copyright infringement cases. 17 U.S.C. § 505. Statutory attorneys' fee awards are calculated according to the lodestar method. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The "lodestar" is calculated by multiplying the number of hours reasonably expended on a case by a reasonable hourly rate. *Id.* A reasonable hourly rate "is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. *Id.*

Plaintiff's counsel Richard E. Fee and Catherine Yant argue that they are entitled to hourly rates of $425 and $225, respectively. (Dkt. 17-2 ¶¶ 8). Plaintiff does not present, however, any evidence establishing that these rates are in line with the prevailing market rates.[2] Indeed, Mr. Fee's rate is above the prevailing market rate for similar services of comparable lawyers.[3] Based on the Court's own expertise and knowledge of the market, the prevailing market rates for such litigation is more appropriately set at $350 for Mr. Fee. *Perkins v. Mobile Housing Bd.*, 847 F.2d 735, 738 (11th Cir. 1988) (Where the fee petition is inadequate, "the district court is completely at liberty to determine the reasonable hourly rate relying on its own expertise."). *See Stevenson v. QM Corp.*, No. 8:13-cv-2769-T27-TBM, Dkt. 20 at 3 (M.D. Fla. July 17, 2014) (Whittemore, J.); *Aguilar*, 2013 WL

---

[2] "Satisfactory evidence art a minimum is more than the affidavit of the attorney performing the work." *Norman*, 836 F.2d at 1299 (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). The burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate." *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999).

[3] Ms. Yant's rate is line with prevailing market rates.

5653357, at *7 (reducing rate requested by Mr. Fee in copyright infringement case that ended in default judgment from $400 to $300). Plaintiff is therefore entitled to an award of attorneys' fees in the amount of $1345.00.[4]

## CONCLUSION

Accordingly,

1) Plaintiff's Motion for Entry of Final Default Judgment and Permanent Injunction Against Defendant Bertrand Martin (Dkt. 17) is **GRANTED *in part***.

2) The Clerk is directed to **ENTER** Default Final Judgment pursuant to Federal Rule of Civil Procedure 55(b) in favor of Plaintiff and against Defendant in the amount of $7345.00 ($6000 in statutory damages and $1345 in attorneys' fees).

3) A permanent injunction is hereby **ENTERED** against Bertrand Martin as follows:

   A) Defendant Bertrand Martin is permanently enjoined from directly or indirectly infringing Plaintiff's rights in "The Company You Keep," including without limitation by using the internet to reproduce or copy "The Company You Keep," to distribute "The Company You Keep," or to make "The Company You Keep" available for distribution to the public, except pursuant a lawful license or with the express authority of Plaintiff.

   B) Defendant Bertrand Martin is hereby ordered to destroy all copies of "The Company You Keep" that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization, and to destroy all copies of "The Company You Keep" transferred onto any physical medium or device in Defendant's

---

[4] The number of hours expended by Plaintiff's counsel are reasonable.

possession, custody, or control.

4) To the extent Plaintiff seeks an award of costs as damages, the request is **DENIED** *without prejudice*. Plaintiff may file a proposed bill of costs to recover costs.

5) The Clerk is directed to **CLOSE** the file.

**DONE AND ORDERED** this 8th day of December, 2014.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record